UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      Petitioner,

v.                            Case No. 8:25-mc-56-WFJ-NHA

JARED BURNETT,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

The United States of America seeks an order compelling Jared Burnett to comply with IRS summons seeking information regarding Burnett Legacy, a trust. Doc. 1. I respectfully recommend that the petition be granted.

On May 16, 2025, IRS Agent Tracy Dudley issued a summons seeking testimony and documents from Burnett regarding Burnett Legacy and directing Burnett to appear before Agent Dudley on June 17, 2025. Doc. 1-3. On May 29, 2025, IRS Agent Dode Ackey served the summons on Burnett by leaving it at his last known address. Doc. 1-2 ¶ 4. Burnett failed to appear before Agent Dudley on June 17. *Id.* ¶ 5. On July 16, the IRS issued a "Last Chance Letter" to Burnett, giving him another opportunity to appear before Agent Dudley at a rescheduled appointment on August 6, 2025. *Id.* ¶ 6. Burnett

again failed to appear to provide the requested testimony and documents. *Id.* ¶ 7.

On December 12, 2025, the United States filed the petition to enforce the summons (Doc. 1), along with a sworn affidavit from Agent Dudley (Doc. 1-2), a copy of the summons (Doc. 1-3), and a copy of the Last Chance Letter (Doc. 1-4). The Court subsequently issued an order directing Petitioner to show cause as to why he should not be compelled to comply with the summons, and ordering him to appear at a hearing regarding the same on February 20, 2026. Doc. 2. The order required that Burnett file any defense or opposition to enforcement of the summons no later than February 4, 2026. Doc. 2 ¶ 5. The United States served the order on Burnett on December 19, 2025. Doc. 5. Burnett did not file any defense or opposition to the enforcement.

On February 20, 2026, the Court held the show cause hearing. Counsel for the United States appeared. In violation of the Court's order (Doc. 2), Burnett failed to appear.

"[T]o succeed in enforcing a summons, the IRS must show four elements: that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the IRS's possession, and that the administrative steps required by the Code have been followed." *United States v. Morse*, 532 F.3d 1130, 1132 (11th Cir. 2008) (quoting *United States v. Powell*, 379 U.S. 48, 57–

58 (1964)). The "minimal burden" on the government to establish the *prima facie* case for enforcing an IRS summons is satisfied when the government presents a sworn affidavit by the IRS agent who issued the summons which attests to each of the four requirements. *Id.* Once it does, "the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." *La Mura v. United States*, 765 F.2d 974, 979–80 (11th Cir. 1985).

Here, as stated in the Court's prior order (Doc. 2), the United States' petition and Agent Dudley's accompanying affidavit (Docs. 1, 1-2) successfully establish a *prima facie* showing that the investigation is being conducted for a legitimate purpose, that the inquiries may be relevant to that purpose, that the information sought is not already within the IRS's possession, and that the administrative steps required by the Internal Revenue Code have been substantially followed. As Burnett neither opposed the opposition to the petition, nor appeared at to show cause as to why he should not be compelled to comply with the summons, he has failed to rebut the United States' *prima facie* case for enforcement of the summons.

Accordingly, I respectfully RECOMMEND:

    1. The Petition to Enforce Internal Revenue Service Summons (Doc. 1) be GRANTED;

2. The Court enforce the summons served upon Burnett on June 17, 2025, and order Burnett to appear at the IRS office located at 3848 W. Columbus Dr., Tampa, FL 33607, at 10:00 AM on March 10, 2026 to comply with the summons;

3. The Clerk be directed to close this case.

SUBMITTED to the District Court on February 20, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.